FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>MIGUEL URBINA,<br>                Defendant. | No. 1:20-cr-02049-MKD<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT<br><br>**ECF Nos. 69, 75** |

      On August 24, 2022, the Court held a pretrial conference and heard argument on several pretrial motions, including Defendant's Motion to Dismiss, ECF Nos. 69, 75.[1] Defendant Miguel Urbina was present and represented by Assistant Federal Defender Craig D. Webster. Assistant U.S. Attorney Michael D. Murphy appeared on behalf of the United States. This order memorializes and supplements the Court's oral rulings on Defendant's motion.

---

[1] Defendant filed a motion to dismiss, which was docketed as ECF No. 69. He subsequently amended that filing, which was docketed as ECF No. 75.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT – 1

Defendant moves the Court to dismiss Count 1 of the Indictment charging him with Sexual Exploitation of a Child under 18 U.S.C. § 2251. ECF No. 75. Defendant argues that the sexual relationship with Minor A—who was sixteen at the start of the relationship—was consensual under state law[2], and therefore any related documentation of that sexual relationship with Minor A was protected by his constitutional right to privacy akin to the right set forth in *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003). ECF No. 75 at 2, 2-3, 3-4. This argument has been rejected by the Ninth Circuit. *See United States v.*

---

[2] In Washington, "[a] person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim." Wash. Rev. Code § 9A.44.079. Defendant asserts that because Minor A was not less than 16 years old, Defendant's sexual relationship with Minor A was legal under state law. *Id.* However, Washington law criminalizes the sexual exploitation of a minor, just as federal law does. Wash. Rev. Code § 9.68A.040; 18 U.S.C. § 2251. Thus, although Defendant's sexual relationship with Minor A may have been legal under state law, documenting such relationship in photos or videos is not. *Laursen*, 847 F.3d at 1034 (9th Cir. 2017).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT – 2

*Laursen*, 847 F.3d 1026 (9th Cir. 2017).  In *Laursen*, an adult man engaged in a sexual relationship with a 16-year-old.  *Id.* at 1209.  He argued the pornographic videos he made of their sexual relationship were precluded from prosecution under federal law, asserting various constitutional challenges, including the one asserted here.  *Id.* at 1034-35.  The Ninth Circuit directly addressed and rejected the challenge.  *Id.* at 1034.

The Court must deny Defendant's constitutional challenge here, too.  The United States Supreme Court has been abundantly clear: child pornography is not constitutionally protected.  *See New York v. Ferber*, 458 U.S. 747, 763, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982).  Indeed, the government has a compelling interest in shielding children from rape, sexual assault, and exploitation.  *Id.*; *Laursen*, 847 F.3d at 1034.  While Defendant's sexual relationship with Minor A may have been legal under Washington law, it does not legitimize the production or possession of child pornography under state or federal law.  *Laursen*, 847 F.3d at 1036.  Nor does it negate the fact that both the state and federal governments have criminalized the sexual exploitation of children.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, **ECF Nos. 69 and 75**, is **DENIED.**

   **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT – 3

and provide copies to all counsel.

DATED September 8, 2022.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT – 4