1   Vanessa R. Waldref
2   United States Attorney
    Eastern District of Washington
3   Michael D. Murphy
4   Assistant United States Attorney
    402 E. Yakima Ave, Suite 210
5   Yakima, WA 98901
6   Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 0 4 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

7             UNITED STATES DISTRICT COURT
8          FOR THE EASTERN DISTRICT OF WASHINGTON

9   UNITED STATES OF AMERICA,        Case No.: 1:20-CR-02049-MKD

10                    Plaintiff,     Plea Agreement
11
12          v.
13  MIGUEL URBINA,
14                    Defendant.
15

16      Plaintiff United States of America, by and through Vanessa R. Waldref,
17  United States Attorney the Eastern District of Washington, and Michael D.
18  Murphy, Assistant United States Attorney for the Eastern District of Washington,
19  and Defendant MIGUEL URBINA ("Defendant"), both individually and by and
20  through Defendant's counsel, Craig D. Webster, Esq., agree to the following Plea
21  Agreement.
22      1.    Guilty Plea and Maximum Statutory Penalties
23      Defendant agrees to enter a plea of guilty to Counts 1, 4 and 6 of the
24  Superseding Indictment filed on October 12, 2022. Count 1 charges Defendant
25  with Production and Attempted Production of Child Pornography, in violation of
26  18 U.S.C. § 2251(a),(e), a Class B felony. Count 4 charges Defendant with
27
28  PLEA AGREEMENT - 1

1  Production and Attempted Production of Child Pornography, in violation of 18

2  U.S.C. §§ 2, 2251(a),(e), a Class B felony. Count 6 charges Defendant with

3  Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B),

4  (b)(2), a Class C felony.

5        Defendant understands that the following potential penalties apply as to

6  Counts 1 and 4:

7        a.    a term of imprisonment of not less than 15 years and up to 30

8              years;

9        b.    a term of supervised release of not less than 5 years and up to a

10             lifetime;

11       c.    a fine of up to $250,000;

12       d.    restitution;

13       e.    mandatory registration as a sex offender;

14       f.    a mandatory special assessment of $5,000 pursuant to the

15             Justice for Victims of Trafficking Act ("JVTA") of 2015,

16             absent a judicial finding of indigence;

17       g.    a mandatory special assessment of no more than $50,000

18             pursuant to the Amy, Vicky and Andy Child Pornography

19             Victim Assistance Act of 2018; and

20       h.    a $100 special penalty assessment.

21       Defendant understands that the following potential penalties apply as to

22  Count 6:

23       a.    a term of imprisonment of not more than 20 years;

24       b.    a term of supervised release of not less than 5 years and up to a

25             lifetime;

26       c.    a fine of up to $250,000;

27       d.    restitution;

28  PLEA AGREEMENT - 2

1          e.      mandatory registration as a sex offender;

2          f.      a mandatory special assessment of $5,000 pursuant to the

3                  Justice for Victims of Trafficking Act ("JVTA") of 2015,

4                  absent a judicial finding of indigence;

5          g.      a mandatory special assessment of no more than $17,000

6                  pursuant to the Amy, Vicky and Andy Child Pornography

7                  Victim Assistance Act of 2018; and

8          h.      a $100 special penalty assessment.

9     2.     <u>Supervised Release</u>

10         Defendant understands that if Defendant violates any condition of

11    Defendant's supervised release, the Court may revoke Defendant's term of

12    supervised release, and require Defendant to serve in prison all or part of the term

13    of supervised release authorized by statute for the offense that resulted in such term

14    of supervised release without credit for time previously served on postrelease

15    supervision, up to the following terms:

16         a.      5 years in prison if the offense that resulted in the term of

17                 Supervised Release is a class A felony,

18         b.      3 years in prison if the offense that resulted in the term of

19                 Supervised Release is a class B felony, and/or

20         c.      2 years in prison if the offense that resulted in the term of

21                 Supervised Release is a class C felony.

22         Accordingly, Defendant understands that if Defendant commits one or more

23    violations of supervised release, Defendant could serve a total term of

24    incarceration greater than the maximum sentence authorized by statute for

25    Defendant's offense or offenses of conviction.

26

27

28    PLEA AGREEMENT - 3

3.    <u>Sex Offender Registration</u>

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours, of changes to Defendant's name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies.

Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such requirements. Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement.

As a condition of Supervised Release, Defendant shall initially register with the state sex offender registration of the state of Defendant's release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.

PLEA AGREEMENT - 4

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release.

4.    The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5.    Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

PLEA AGREEMENT - 5

b.     a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.     removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.     no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6.     <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.     the right to a jury trial;

b.     the right to see, hear and question the witnesses;

c.     the right to remain silent at trial;

d.     the right to testify at trial; and

e.     the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

PLEA AGREEMENT - 6

1  Defendant understands and agrees that any defense motions currently
2  pending before the Court are mooted by this Plea Agreement, and Defendant
3  expressly waives Defendant's right to bring any additional pretrial motions.

4  7.  <u>Elements of the Offense</u>

5  The United States and Defendant agree that in order to convict Defendant of
6  Production and Attempted Production of Child Pornography, in violation of 18
7  U.S.C. § 2251(a), (e),  as charged in Counts 1 and 4, the United States would have
8  to prove the following beyond a reasonable doubt.

9       a.  *First*, between on or about November, 2008 and on or about
10  November, 2009 (Count 1), and on or about February 23, 2007
11  (Count 4), within the Eastern District of Washington, (Minor A
12  in Count 1) and unidentified minors (Count 4) were under the
13  age of 18 years;

14       b.  *Second*, Defendant used or employed the minors to take part in
15  sexually explicit conduct for the purpose of producing a visual
16  depiction of such conduct; and

17       c.  *Third*, the visual depiction was produced using materials that
18  had been mailed, shipped, or transported across state lines or in
19  foreign commerce.

20  The United States and Defendant agree that in order to convict Defendant of
21  Possession of Child Pornography, as charged in Count 6, in violation of 18 U.S.C.
22  § 2252A(a)(4)(B), (b)(2), the United States would have to prove the following
23  beyond a reasonable doubt.

24       a. *First*, on or about April 23, 2020, within the Eastern District of
25  Washington, Defendant knowingly possessed any matter that that
26  the defendant knew contained visual depictions of minors engaged
27  in sexually explicit conduct;

28  PLEA AGREEMENT - 7

b.    *Second*, the defendant knew the visual depictions contained in the matters showed minors engaged in sexually explicit conduct;

c.    *Third*, the defendant knew that production of such visual depictions involved the use of a minor in sexually explicit conduct; and

d.    *Fourth*, the visual depictions had been transported using any means or facility of interstate commerce or produced using materials that had been shipped or transported using any means or facility of interstate commerce or had been shipped and transported in and affecting interstate and foreign commerce by any means including by computer.

8.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

Between on or about November, 2008 and November, 2009, Defendant Miguel Urbina, was in a relationship with Minor A, who was under 18 years of age at the time, and knowingly used and persuaded Minor A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The visual depictions of the conduct were audio/video recordings of Minor A engaging in sexual acts with Defendant and of the exposure of her breasts and

PLEA AGREEMENT - 8

genitals and were made in the Eastern District of Washington. Defendant transferred the audio/video recordings, which were made with a digital video camera, to a Western Digital My Passport External Hard Drive, serial number WXA1A867058F, which had been manufactured in Taiwan. The camera and the external hard drive had been shipped or transported in interstate or foreign commerce. On or about February 23, 2007, Defendant had his girlfriend, T.W., enter into a bathroom at the Union Gap Mall in the Eastern District of Washington for the purpose of producing a visual depiction, an audio/video recording, of sexually explicit conduct using a digital video camera. Defendant arranged the camera in T.W.'s purse before they entered the mall and the camera captured video which, in part, included images of prepubescent girls in a toilet stall, urinating and wiping and turning toward the camera so that their pubic area is plainly visible. Defendant transferred or saved the audio/video recording to the Western Digital My Passport External Hard Drive, serial number WXA1A867058F. He titled the audio/video recording "grey sweater blue jeans.MP4" and saved it in a subfolder titled "spy".

On April 23, 2020, a federal search warrant was executed on Defendant's home in Yakima, Washington. After being advised of his rights and the purpose of the investigation, Defendant admitted to possessing child pornography. FBI agents located the Western Digital My Passport External Hard Drive, serial number WXA1A867058F, in Defendant's room. He also had a computer in that room which he told agents he had used to view child pornography. Following forensic extraction of the Western Digital My Passport External Hard Drive, serial number WXA1A867058F, FBI agents observed hundreds of images and videos of minors engaged in sexually explicit conduct. The total number of images was over six hundred and included images and videos of prepubescent children and toddlers engaged in sexually explicit conduct. Defendant knew that those images and

PLEA AGREEMENT - 9

videos were on the external hard drive and knew that those images and videos were produced using minor children.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 2, 3 and 5 of the Superseding Indictment filed on October 12, 2022, which charge Defendant with Receipt of Child Pornography contrary to 18 U.S.C. § 2252A(a)(2) (Count 2) and with Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2, 2251(a),(e) (Counts 3 and 5).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and the Defendant agree that the base offense level for Production and Attempted Production of Child Pornography is 32. U.S.S.G. § 2G2.1(a). The United States and the Defendant agree that the base offense level for Possession of Child Pornography is 18. U.S.S.G. § 2G2.2(a)(1).

b.    Special Offense Characteristics

The United States and the Defendant do not have any agreement with respect to special offense characteristics.

PLEA AGREEMENT - 10

c.     <u>Acceptance of Responsibility</u>

The United States and the Defendant agree that they will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) if Defendant does the following:

    i.      accepts this Plea Agreement;

    ii.     enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.     does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

d.     <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

PLEA AGREEMENT - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

e.    Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11.    Incarceration

The United States and Defendant agree to recommend that the Court impose a sentence of between 210 months and 300 months of incarceration.

12.    Supervised Release

The United States and Defendant do not have an agreement as to the recommended term of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or

PLEA AGREEMENT - 12

passwords, transfer, suspension and/or deletion of any account within 5 days of such action.  Failure to provide accurate account information may be grounds for revocation.  The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

    b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    c.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    d.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider.  Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13.   <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine.  Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

PLEA AGREEMENT - 13

14.   <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in all assets listed herein, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

-   Western Digital My Passport External Hard Drive, serial number WXA1A867058F

Defendant stipulates that Defendant is the sole owner of the assets listed above and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense to which Defendant is pleading guilty.

Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant waives any challenges or claims that the indictment lacked sufficient

PLEA AGREEMENT - 14

notice to the Defendant that the Government sought forfeiture of the property listed above for the counts to which Defendant pleads guilty. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15.  Mandatory Special Penalty Assessment

The Defendant agrees to pay the $300 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Defendant agrees that, pursuant to the JVTA, the Court shall impose an additional mandatory special assessment of $5,000, absent a judicial finding of indigence.

Defendant agrees that, pursuant to the AVAA, the Court shall also impose, in addition to any other criminal penalty, restitution, or special assessment authorized by law, an additional assessment of up to $50,000, as set forth in 18 U.S.C. § 2259A. Defendant also understands and agrees that pursuant to 18 U.S.C. § 2259A(c), in determining the amount of the AVAA assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

Neither party may withdraw from the Plea Agreement based on the ultimate special penalty assessment(s) imposed.

16.  Restitution

The United States and Defendant agree that restitution is required. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport

PLEA AGREEMENT - 15

1  with Defendant's relative role in the causal process that underlies the general

2  losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C.

3  § 2259.

4       Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States

5  dismissing counts and/or agreeing not to bring additional charges, Defendant

6  voluntarily agrees to pay restitution to all victims of child pornography that

7  Defendant distributed, received, and/or possessed, as set forth in the discovery in

8  this case, whether or not Defendant pleads guilty to counts charging that specific

9  conduct, and whether or not such counts are foregone pursuant to this Plea

10  Agreement.

11       Defendant understands that for purposes of 18 U.S.C. § 2259, "victim"

12  means the individual harmed as a result of a commission of the crime, including,

13  in the case of a victim who is under 18 years of age, the legal guardian of the

14  victim.  The United States and Defendant also hereby stipulate and agree that the

15  Court shall order full restitution, as appropriate, to any entity, organization,

16  insurance company, individual, and/or medical provider who provided medical

17  services and/or funds related to the treatment of any victim.

18       For any victim against whom Defendant's conduct occurred on or after

19  December 7, 2018, Defendant agrees that such victims shall be entitled to

20  restitution as if the AVAA applied to Defendant's conduct and agrees that the

21  Court should order restitution in an amount that reflects Defendant's relative

22  role in the causal process that underlies the victim's losses, but which is no less

23  than $3,000 per victim.

24       With respect to restitution, the United States and Defendant agree to the

25  following:

26  //

27  //

28  PLEA AGREEMENT - 16

a.    <u>Restitution Amount and Interest</u>

Pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of any victims' losses. The United States and Defendant will submit restitution information prior to sentencing. The interest on this restitution amount should be waived. Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders.

b.    <u>Payments</u>

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of Defendant's net monthly income towards any restitution obligation.

c.    <u>Treasury Offset Program and Collection</u>

Defendant understands that the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. Defendant acknowledges that, if applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure a restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

//

//

PLEA AGREEMENT - 17

d. Notifications

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of the change. 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

17.   Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

18.   Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

19.   Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

PLEA AGREEMENT - 18

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

20.    Compassionate Release

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a.    Medical Condition of Defendant

        i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

PLEA AGREEMENT - 19

required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

 ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

 b. <u>Age of Defendant</u>

  i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

  ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

 c. <u>Family Circumstances</u>

  i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

PLEA AGREEMENT - 20

ii.     Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

    d.    <u>Subsequent Reduction to Mandatory Sentence</u>

      i.    Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

      ii.    after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

      iii.    the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

    e.    <u>Ineffective Assistance of Counsel</u>

      i.    Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

          1.    did not know at the time of Defendant's guilty plea, and

          2.    could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

21.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

PLEA AGREEMENT - 21

b.    the United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

22.    <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

PLEA AGREEMENT - 22

1    The United States and Defendant agree that this Agreement cannot be

2  modified except in a writing that is signed by the United States and Defendant.

3                              Approvals and Signatures

4    Agreed and submitted on behalf of the United States Attorney's Office for

5  the Eastern District of Washington.

6  Vanessa R. Waldref
   United States Attorney
7

8

9  _____        4/4/2023
   Michael D. Murphy                       Date
10  Assistant United States Attorney

11   I have read this Plea Agreement and I have carefully reviewed and discussed

12  every part of this Plea Agreement with my attorney. I understand the terms of this

13  Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and

14  voluntarily. I have consulted with my attorney about my rights, I understand those

15  rights, and I am satisfied with the representation of my attorney in this case. No

16  other promises or inducements have been made to me, other than those contained

17  in this Plea Agreement. No one has threatened or forced me in any way to enter

18  into this Plea Agreement. I agree to plead guilty because I am guilty.

19

20

21  _____        4/4/23
   Miguel Urbina                           Date
22  Defendant

23

24   I have read the Plea Agreement and have discussed the contents of the

25  agreement with my client. The Plea Agreement accurately and completely sets

26  forth the entirety of the agreement between the parties. I concur in my client's

27

28  PLEA AGREEMENT - 23

decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's guilty plea.

_____          4/4/23
Craig D. Webster                         Date
Attorney for Defendant

PLEA AGREEMENT - 24