Craig D. Webster
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorney for Defendant
Miguel Urbina

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable MARY K. DIMKE

| United States of America, | Case No. 1:20-CR-2049-MKD |
|---|---|
| Plaintiff, | **Defendant's Objections to Draft PSR** |
| v. | Yakima - With Oral Argument |
| Miguel Urbina, | July 11, 2023 @ 9:00 a.m. |
| Defendant. | |

The defendant, Miguel Urbina, through counsel, respectfully files the objections below to the draft PSR issued to the parties on June 5, 2023.

## Objections

**Pg. 4, ¶6, bullet point 4:** The government does not agree to make the additional 1-level reduction.

Defendant's Objections to Draft PSR - 1

1

<u>Pg. 9, ¶38:</u> The report indicates that according to Ms. Wood, Mr. Urbina and Ms. Wood were allowed to use Ms. Wood's desktop computer. According to Mr. Urbina, he was not allowed to use that computer.

<u>Pg. 12, ¶55:</u> Under the USSG §2G2.1, Application Note 1, the definition of "Distribution means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

This definition does not appear to be applicable to Mr. Urbina's case. In Count 1, Mr. Urbina and his girlfriend filmed their consensual sexual relationship. There does not appear to be any evidence of distribution. Therefore the 2-level increase pursuant to USSG §2G2.1(b)(3) should not apply. Mr. Urbina respectfully objects.

<u>Pg. 12, ¶57:</u> According to USSG §2G2.1(6)(B)(ii), you add a two-level increase, "If, for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved…(B) the use

Defendant's Objections to Draft PSR - 2

of a computer or an interactive computer service to…(ii) solicit participation with a minor in sexually explicit conduct…"

This does not appear to apply to Mr. Urbina's case. Mr. Urbina did not appear to use a computer or an interactive computer service to solicit participation with a minor in sexually explicit conduct. Count 1, charges Mr. Urbina and his girlfriend with filming their consensual sexual relationship. There 8-year relationship appears to have begun in-person and they appear to have decided to film their consensual sexual relationship mutually and in person. Therefore, this 2-level increase does appear to be applicable to Mr. Urbina's case. Mr. Urbina respectfully objects.

**Pg. 12, Adjusted Offense Level (Subtotal):** Based on the above objections it appears that the adjusted offense level (subtotal) should be 34 (instead of 38). Mr. Urbina respectfully objects.

**Pg. 13, ¶64:** According to USSG § 2G2.2(b)(3)(F), "If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by 2 levels. Based on the record, subdivision (A) through (E) do not apply to Mr. Urbina. As to (F), the Application Notes 1, indicate that "Distribution means any act, including possession with intent to distribute, production, transmission, advertisement,

Defendant's Objections to Draft PSR - 3

and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." This does not appear to apply to the set of facts in Count 2, in which Mr. Urbina, downloaded and possessed child pornography but did not have intent to distribute or post the child pornography.

Application Note 2 indicates that for purposes of (b)(3)(F), the defendant "knowingly engaged in distribution" if he (A) knowingly committed the distribution, (B) aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (C) conspired to distribute. This does not appear to apply to Mr. Urbina. The idea of distribution appears to encompass the idea that the defendant in some form shared the child pornography to rise to the level of distribution. Mr. Urbina respectfully objects.

**Pg. 13, ¶67 – correction only:** Counsel's recollection is that the cp was found on Mr. Urbina's computer/hard drive and not found on a cell phone.

**Pg. 13, ¶71:** Based on the above objection it appears that the correct Adjusted Offense Level (Subtotal) should be 31 (instead of 33). Mr. Urbina respectfully objects.

Defendant's Objections to Draft PSR - 4

<u>Pg. 13, ¶74</u>:  For the reasons stated above, the two-level increase for distribution does not appear to apply to Mr. Urbina's case.  Mr. Urbina respectfully objects.

<u>Pg. 13, ¶75</u>:  For the reasons stated above, the two-level increase for use of a computer to solicit participation with a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material does not appear to apply to Mr. Urbina's case.  Mr. Urbina respectfully objects.

<u>Pg. 14, ¶79</u>:  Based on the objections made above the correct Adjusted Offense Level (Subtotal) appears to be 36 (instead of 40).  Mr. Urbina respectfully objects.

<u>Pg. 14, ¶¶81, 83</u>:  Based on the objections above, it appears that the correct Combined Adjusted Offense level is 39 (instead of 43).  Mr. Urbina respectfully objects.

<u>Pg. 14, ¶84</u>:  According to USSG §4B1.5(b)(1) there is a 5-level increase where "the defendant's instant offense of conviction is a covered sex crime….and the defendant engaged in a pattern of activity involving prohibited sexual conduct…"  According to Application Note 2, Covered Sex Crime as Instant Offense of Conviction, "For purposes of this guideline, the instant offense of conviction must be a covered sex crime, *i.e.:* (A) an offense

Defendant's Objections to Draft PSR - 5

perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note." Mr. Urbina's offense of conviction does not appear to meet the above definition for covered sex crime. Mr. Urbina respectfully objects.

<u>Pg. 15, ¶86</u>: The prosecutor did not agree to an additional 1-level decrease for acceptance of responsibility.

<u>Pg. 15, ¶87</u>: Based on the above objections, the correct Total Offense Level appears to be 37 (instead of 43).

<u>Pgs. 15-16, 88-96</u>: Mr. Urbina objects to the inclusion of these paragraphs in the PSR. First, addressing Ms. Wood's allegation of physical abuse and that she was forced by Mr. Urbina to participate in the upskirting conduct. While Ms. Wood makes statements to support this idea the objective evidence does not support such a finding. The defense team attempted to conduct a complete review of the government's evidence found on Mr. Urbina's

Defendant's Objections to Draft PSR - 6

hard-drive in relation to the upskirting evidence conducted with Ms. Wood. At no point did the defense team observe Ms. Wood show any signs of distress (such as crying in the bathroom). Instead the evidence reviewed by the defense showed the opposite. Ms. Wood appeared to be a knowing, willing, and active participant in the upskirting videos. As charged by the government, Ms. Wood was the principal and Mr. Urbina aided and abetted her conduct.

Turning to the allegations of sexual assault/rape, Mr. Urbina is presumed innocent of this conduct. While the allegations are serious, they are only allegations at this point. The local police appear to have conducted a thorough investigation which have not resulted in charges.

<u>Pg. 25, ¶178:</u> Based on the above objections the total offense level should be 37 with a criminal history category of II resulting in an advisory guideline range of 235-293. Mr. Urbina respectfully objects.

<u>Pg. 27, ¶201:</u> Mr. Urbina should be considered indigent.

<u>Pg. 29, ¶211:</u> Based on the above objections, the total offense level should be 37 with a criminal history category of II resulting in an advisory guideline range of 235-293. Mr. Urbina respectfully objects.

Defendant's Objections to Draft PSR - 7

Dated: June 20, 2023.

By s/ Craig D. Webster
Craig D. Webster,
WSBA# 40064
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Craig_Webster@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Michael D. Murphy, Assistant United States Attorney.

Defendant's Objections to Draft PSR - 8

s/ Craig D. Webster
Craig D. Webster

Defendant's Objections to Draft PSR - 9