Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Miguel Urbina

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Mary K. Dimke

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  v.<br><br>Miguel Urbina,<br><br>                      Defendant. | No.  1:20-CR-2049-MKD<br><br>Defendant's Sentencing Memorandum |

Miguel Urbina, by and through his attorney, Craig D. Webster, for the Federal Defenders of Eastern Washington and Idaho, respectfully submits this sentencing memorandum, and requests that the Court impose a sentence of 210 months confinement to be followed by 5 years of supervised release.  For the reasons that follow, Mr. Urbina believes a sentence of 210 months confinement with 5 years of supervised

Defendant's Sentencing Memorandum 1

release is a sentence sufficient but not greater than necessary to effectuate the purposes of sentencing under 18 U.S.C. § 3553(a).

## I.  Status of the Case

Mr. Urbina was originally arraigned on the Indictment on December 14, 2020.[1]  Mr. Urbina was ordered released pending trial on December 14, 2020.[2]  Mr. Urbina was released on a combination of conditions including GPS monitoring, home confinement, and restrictions on internet access.[3]  Mr. Urbina remained successfully out of custody without any significant violations[4] until his change of plea hearing.  Mr. Urbina was arraigned on the Superseding Indictment on October 14, 2022.[5]  The case went through a significant amount of pretrial litigation and was on a trial track.  Subsequent to the Court's order denying Mr. Campos's Motion to Dismiss Counts 3-5, the parties

---

[1] *See* ECF No. 1 & 12.

[2] *See* ECF No. 16.

[3] *See* ECF No. 16.

[4] *See* ECF Nos. 33, 55, 136, 142.

[5] *See* ECF No. 98, 110.

Defendant's Sentencing Memorandum 2

reached resolution.[6]  On April 4, 2023, Mr. Urbina entered a guilty plea to counts 1, 4, and 6 of the Superseding Indictment.[7]  Pursuant to the Plea Agreement the parties agree to recommend a sentence of between 210 months and 300 months of incarceration.[8]  There is no agreement as to a recommended term of supervised release.[9]  At the conclusion of sentencing the government will move to dismiss the remaining counts.  Mr. Urbina has filed objections to the Draft PSR in a separate document.[10]  Mr. Urbina was taken into custody at the change of plea hearing.  Mr. Urbina is set for sentencing on July 11, 2023, at 9 a.m. before the Honorable Judge Dimke in Yakima.[11]

## II.   Analysis of 18 U.S.C. § 3553(a) factors

Title 18, U.S. Code § 3553(a) directs this Court to impose a sentence that is "sufficient, but not greater than necessary" to meet the

---

[6] *See* ECF No. 160.

[7] *See* ECF No. 164.

[8] *See* ECF No. 165 at Pg. 12.

[9] *See* ECF No. 165 at Pg. 12.

[10] *See* ECF No. 170.

[11] *See* ECF No. 167 at pg. 2.

Defendant's Sentencing Memorandum 3

purposes of punishment. 18 U.S.C. § 3553(a)(2). Based on the factors discussed below the defense believes that a sentence of 210 months confinement to be followed by 5 years of supervised release meets this standard.

### A. The Nature and Circumstances of the Offense and Characteristics of Mr. Urbina

The nature and characteristics of the offense support a sentence of 210 months confinement with 5 years of supervised release to follow.

Turning first to the nature and circumstances of the offense.[12] Mr. Urbina pled guilty to 2 counts of production and 1 count of possession. Count 1 (production) represents the consensual filming of a consensual sexual relationship between Mr. Urbina and his partner of 8 years, F.H.[13] The filming in question took place between November 2008 and November 2009.[14] It was during this brief period of their 8-year dating relationship (in which they consistently filmed their consensual sexual activity) in which F.H. was 16 or 17 years old.

---

[12] *See* 18 U.S.C. § 3553(a)(1).

[13] *See* ECF No. 98.

[14] *See* ECF No. 98.

Defendant's Sentencing Memorandum 4

According to F.H. she started dating Miguel in 2008.[15] F.H. was looking for someone to buy her Vodka at the time and knew that Miguel was over 21 years old (23).[16] Initially F.H. told Miguel that she was 19 years old but eventually told him the truth that she 16 years old.[17] The two began what would become an 8-year dating relationship.[18]

According to F.H., when she was 16-years old she was wild and would stay out all hours of the night and not come home.[19] According to F.H., her mom liked when she started dating Miguel because she became less wild and was home more.[20] Miguel moved out of his parents' house and into F.H.'s family home.[21] The two continued in a dating relationship until they broke up for good in the beginning of

---

[15] *See* EX. A at BATES 29.

[16] *See* EX. A at BATES 29.

[17] *See* EX. A at BATES 29.

[18] *See* EX. A.

[19] *See* EX. A at BATES 29.

[20] *See* EX. A at BATES 29.

[21] *See* EX. A at BATES 29.

Defendant's Sentencing Memorandum 5

2017.[22]

According to Mr. Urbina, he cared deeply for F.H. and still does. According to Mr. Urbina the filming was something that they did as a part of their personal relationship. It was not until after the government executed their search warrant in April 2020 that their personal videos of their personal consensual sexual relationship were exposed to others.

Mr. Urbina and F.H. were in a consensual sexual relationship. The filming was consensual and a free choice that was made by both. The sexual acts were legal. It is just the filming during that brief period that made Mr. Urbina's conduct illegal and subject to a 15-year mandatory minimum sentence.

In Count 4 (production), Mr. Urbina aided and abetted his then partner T.W. in capturing upskirt videos in February 2007. Mr. Urbina assisted her in setting up the filming device in her purse. The two on multiple occasions went to the local stores and public women's restrooms at the Union Gap Mall (Macy's, American Eagle, etc.),

---

[22] *See* EX. A at BATES 30.

Defendant's Sentencing Memorandum 6

Walmart, and Miner's.  In the count of record T.W. placed her purse in a bathroom stall of a public restroom.  Minors were captured as well as adults.  While it was T.W. that made the surreptitious audio/video recordings Mr. Urbina was guilty of assisting her in the conduct.  Both parties are equally guilty and should be held accountable for their actions.  Counsel is unaware of any recordings in which T.W. appeared to be forced by Mr. Urbina to engage in the recordings.  Both were actively involved.  While the conduct is serious, offensive, and invasive, the recordings are more consistent with voyeurism than production of child pornography.  The videos captured both adults and children using the restroom in public restrooms.

Finally, Count 6, is for possession of child pornography from April 23, 2020.  At the time of his arrest Mr. Urbina confessed to having a curiosity that led him to searching, downloading, and reviewing CP among other taboo things.[23]  Mr. Urbina acknowledged having a problem with porn, feeling ashamed, and having a desire to stop.[24]

---

[23] *See* EX. B at BATES 15.

[24] *See* EX. B at BATES 15-17.

Defendant's Sentencing Memorandum 7

Turning to Mr. Urbina's personal characteristics as required by 18 U.S.C. § 3553(a)(1).

Mr. Urbina is 38 years old.[25] He is a U.S. Citizen.[26] He was born in Salinas, CA, and moved to Yakima, WA, with his family when he was a young boy.[27] Mr. Urbina lives with his mother and father.[28] Three of Mr. Urbina's siblings live in Yakima.[29] Mr. Urbina has the support of his family and they are working on drafting letters of support for the Court on his behalf.

Mr. Urbina is a hard worker.[30] While on pretrial release he was employed.[31] He has successfully obtained his GED.[32] Mr. Urbina has a

---

[25] *See* ECF No. 168 at pg. 3.

[26] *See* ECF No. 168 at pg. 3.

[27] *See* ECF No. 168 at pg. 23.

[28] *See* ECF No. 168 at pg. 23.

[29] *See* ECF No. 168 at pg. 23.

[30] *See* ECF No. 168 at pg. 24.

[31] *See* ECF No. 168 at pg. 24.

[32] *See* ECF No. 168 at pg. 24.

Defendant's Sentencing Memorandum 8

strong interest in studying mechanics, transmissions, and diagnostics.[33] He hopes to obtain training and education on the subjects while in prison with the goal of using the knowledge and skills for future employment upon his release from incarceration.

Mr. Urbina has never been married.[34] He has a son (15) with his former partner, T.W.[35] Mr. Urbina's most significant dating relationship was with his long-term partner, F.H. Mr. Urbina's son lived with him (and F.H.) for several years while T.W. was struggling with legal issues.[36] Mr. Urbina maintained a relationship with his son up until he went into custody on the current charge.[37]

Mr. Urbina has struggled with alcohol abuse throughout his life.[38] Mr. Urbina's drinking has contributed to his poor decision making.[39]

---

[33] *See* ECF No. 168 at pg. 23.

[34] *See* ECF No. 168 at pg. 23.

[35] *See* ECF No. 168 at pg. 23.

[36] *See* ECF No. 168 at pg. 23.

[37] *See* ECF No. 168 at pg. 23.

[38] *See* ECF No. 168 at pg. 24.

[39] *See* ECF No. 168 at pg. 24.

Defendant's Sentencing Memorandum 9

While on pretrial release Mr. Urbina completed an evaluation at Merit.[40] Mr. Urbina then successfully completed 40 days of inpatient treatment at American Behavioral Health Services (ABHS).[41] Mr. Urbina engaged in approximately six months of intensive outpatient treatment at Merit before transferring to Central Washington Comprehensive Mental Health (CWCMH).[42] Mr. Urbina continued on with Comprehensive up until his change of plea hearing.[43]

Mr. Urbina is a man of religious faith. Leading up to his arrest he was seeking help from God to stop doing what he was doing. He believes this is a part of God's plan that this happened.[44] Mr. Urbina feels remorse for his actions.[45]

Finally, Mr. Urbina has minimal criminal history.[46] His two most

---

[40] *See* ECF No. 168 at pg. 24.

[41] *See* ECF No. 168 at pg. 24.

[42] *See* ECF No. 168 at pg. 24.

[43] *See* ECF No. 168 at pg. 24.

[44] *See* ECF No. 168 at pg. 11.

[45] *See* ECF No. 168 at pg. 11.

[46] *See* ECF No. 168 at pgs. 18-22.

Defendant's Sentencing Memorandum 10

serious offenses come from when he was 18 years old in 2003.[47] Both offenses were gross misdemeanors (Assault 4-DV / Protection Order Violation-DV) to which Mr. Urbina served a total of 1 day in jail on the Assault charge and 57 days in jail on the Protection Order Violation.[48] The remainder of Mr. Urbina's charges are mostly minor traffic offenses, mostly DWLS 3.[49] Mr. Urbina's last non-DWLS 3 criminal conviction was in 2007 (Reckless Driving) when he was 21 years old.[50]

Based on the nature and circumstances of the offense and Mr. Urbina's personal characteristics a sentence of 210 months incarceration with 5 years of supervised release is an appropriate sentence that is sufficient and no more than necessary in accordance with 18 U.S.C. § 3553(a)(1).

**B. The need for the sentence imposed**

---

[47] *See* ECF No. 168 at pg. 18.

[48] *See* ECF No. 168 at 18.

[49] *See* ECF No. 168 at pgs. 18-22.

[50] *See* ECF No. 168 at pg. 19.

Defendant's Sentencing Memorandum 11

At the time of sentencing Mr. Urbina will have been in custody for approximately 3 months.[51] That is already approximately 1 month longer than the longest sentence he has ever served.[52] If the Court were to follow Mr. Urbina's recommendation of 210 months in prison then he would still have 17.25 years left on his sentence (207 months) to serve. That is a substantial amount of punishment. Mr. Urbina will be 55 years old when he gets out of prison. At which point he would have 5 years of supervised release. This would mean that he will either be incarcerated or have the threat of incarceration hanging over his head until he is 60 years old.

This sentence reflects and addresses all of the concerns outlined in 18 U.S.C. § 3553 (a)(1)-(4). This sentence reflects the seriousness of the offense. Mr. Urbina's actions were serious but somewhat mitigated in comparison to others. One count of production was for consensually filming his consensual sexual relationship with his long-time partner. The other production was voyeuristic behavior that captured both

---

[51] *See* ECF No. 164.

[52] *See* ECF No. 168 at pg. 18.

Defendant's Sentencing Memorandum 12

adults and children using a public restroom.  17.5 years of imprisonment in federal prison provides just punishment and respect for the law.

210 months imprisonment and 5 years of supervised release also provide a heavy dose of deterrence for Mr. Urbina.  Mr. Urbina is remorseful for his actions.  He has never experienced anywhere near this level of punishment.  Anymore than 210 months is unnecessary.  This is a sufficient amount of punishment to deter Mr. Urbina from any further misconduct.

210 months of imprisonment removes Mr. Urbina from the general population until 2040.  He will be further monitored by US Probation until 2045.  This sentence protects the public from Mr. Urbina engaging in any future criminal misconduct.  Importantly, Mr. Urbina acknowledges his misconduct and has a genuine desire to accept his punishment, make the most of his time in prison, and make the most of what is left of his life.  He has learned his lesson.  Any further punishment is unnecessary.  This sentence strongly protects the public.

Finally, a sentence of 210 months and 5 years of supervised release will help assist Mr. Urbina in furthering his education and

Defendant's Sentencing Memorandum 13

training.  He is a mechanic and is excited about the opportunities for vocational training in the BOP system.  He is particularly interested in the future of electric vehicles.  He is excited to develop a skill set in this field during his time at BOP.  Additionally, Mr. Urbina will benefit from mental health and chemical dependency treatment/classes while at BOP.

In sum, a sentence of 210 months imprisonment with 5 years of supervised release is sufficient but not greater than necessary.  It is a substantial amount of time that provides strong protection to the public, reflects the seriousness of the offenses, and provides strong deterrence.  It also gives Mr. Urbina the opportunity to obtain education, treatment, and vocational training within the BOP.  At the same time, it does not punish more than is necessary.  It is a just sentence under the circumstances.

## Conclusion

For the foregoing reasons, Mr. Urbina respectfully asks the Court to adopt his recommendation of 210 months confinement to be followed by 5 years of supervised release.

Defendant's Sentencing Memorandum 14

Dated: June 26, 2023.

                        Respectfully Submitted,

                        By s/ Craig D. Webster
                             Craig D. Webster,
                             WSBA# 40064
                             Attorney for Miguel Urbina
                             Federal Defenders of Eastern
                             Washington and Idaho
                             306 East Chestnut Avenue
                             Yakima, Washington 98901
                             (509) 248-8920
                             (509) 248-9118 fax
                             Craig_Webster@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Michael D. Murphy, Assistant United States Attorney, and Carrie Valencia, United States Probation Officer.

                                          By s/ Craig D. Webster
                                                Craig D. Webster