Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO:  1:20-CR-2049-MKD |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| MIGUEL URBINA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following sentencing memorandum. The Government is seeking a sentence of three hundred months in prison followed by a lifetime of supervised release. Based upon pre-trial litigation and review of proposed trial exhibits, the Court has been shown a substantial portion of the evidence that would have been admissible at trial in this case.

Plaintiff's Sentencing Memorandum            1

I.

SENTENCING CALCULATIONS

The Government generally agrees with the sentencing guidelines calculations in the PSIR (ECF 168). The PSIR calculates a special offense characteristic of use of a computer to solicit a minor to engage in sexually explicit conduct and recommends a two-level increase pursuant to USSG § 2G2.1(b)(6)(B)(ii). ECF 168, ¶ 57 and ¶ 75. As to the minor involved in Count 1, Defendant solicited her participation in the conduct directly, as they were in a relationship at the time. As to the minors involved in Count 4, they were surreptitiously recorded by a former girlfriend of Mr. Urbina, who was directly contacted in order to obtain her participation. Application Note 6(B) to USSG § 2G2.1 directs that the two level increase applies to the use of a computer to communicate directly to a minor or a person who exercises custody, care or control of a minor, which is not the circumstance of the instant case.

In ¶ 57, the PSIR recommends that Defendant receive a one level decrease for acceptance of responsibility by timely notifying authorities of his intention to plead guilty and permitting the government to avoid trial preparation. That third level of decrease is not appropriate in the instant case, as reflected not only by the history of this litigation but by the Plea Agreement. ECF 165, p. 11, ¶ 10c.

The PSIR calculates a total offense level of 45, the United States believes that it should instead be 44. In either case, because the offense level is above 43, it is treated as a level 43. ECF 168, ¶ 87. Accordingly, Defendant's guideline sentencing range is life, but the statutory maximum period of incarceration results in a guideline range of 960 months. ECF No. 168 ¶ 178.

II.

GOVERNMENT'S OBJECTION TO PSIR

The Government has no objections to the PSIR.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

In the instant case, the investigation of Defendant began after peer-to-peer file sharing on the BitTorrent network resulted in FBI investigators working in an undercover capacity downloading videos of child pornography from an IP address that returned to Defendant's residence and an internet account held by his mother. ECF 168, ¶¶ 18-21. A federal search warrant was executed at that address in April,

2020 and Defendant admitted to downloading child pornography and participating in "up-skirting". *Id.* at ¶ 23. Forensic review of the Western Digital My Passport external hard drive found in Defendant's room resulted in the recovery of thousands of images and videos of child pornography. *See id.* at ¶¶ 25-30, 34. That hard drive was found in proximity to a masturbation device. ECF 155, Ex. 2. The images contain videos or still images from twenty-four known series of images of child pornography where victims have been identified by law enforcement. ECF 168, ¶ 37. Of the "up-skirting videos", a total of over 250 were identified by the case agent and witness interviews indicated that Defendant began directing the making of those videos in 2006 or 2007. *Id.* at ¶¶ 41, 42.

Defendant contests the statement of T.W. that he forced her to participate in creating the upskirting videos. ECF 170, p. 6-7. In support of his objection, he notes that review of the videos by his defense team did not reveal any where T.W. was sitting in a bathroom crying while capturing images from adjoining stalls, as she reported doing when speaking to law enforcement. This argument pre-supposes that Defendant, who possessed the videos from the date of their creation in 2006 or 2007 until seized by law enforcement in 2020 and who edited many of videos did not either discard videos containing crying by his then-girlfriend or edit those portions of the videos out. Further, Defendant has a prior conviction for domestic

violence, lending more credent to T.W.'s assertion she was an unwilling participant in taking the videos.

In addition to creating images of child pornography, collecting thousands of images of child pornography, and engaging in file sharing of child pornography, two witnesses reported that Defendant sexually molested them when they were under the age of twelve and spending the night in the household he shared with his then-girlfriend. ECF 168, ¶¶ 91-92, 94-96. These witnesses are sisters and stayed at the Defendant's residence with a third sister during the time period Defendant was dating and living with T.W.. In an interview with law enforcement, T.W. described Defendant as possessing child pornography as early as 2003. *Id.* at ¶ 31.

Defendant has a criminal history category of II. ECF 168, ¶ 148. He has been employed since the time of his arrest. *Id.* at ¶ 169. He has periodically consumed alcohol, largely quitting of his own volition in 2015. *Id.* at 164. He owes over $25,000 in family support. *Id.* at 173.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

Defendant has shown an interest in child pornography for approximately seventeen years and has not only created child pornography, but is reported to have sexually touched young girls. Although well below the guideline range of 960 months, a sentence of 300 months incarceration would reflect the seriousness of

Plaintiff's Sentencing Memorandum                5

the offense of creating child pornography on different occasions with different victims as well as possessing tens of thousands of images of child pornography.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of 300 months incarceration should serve to deter further criminal conduct by the Defendant. It would provide time for him to obtain sex offender treatment from the Bureau of Prisons. A sentence at the high end of the recommended range may serve to deter the Defendant from again creating or obtaining child pornography.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

300 months, or twenty-five years, of incarceration would protect the public from any further crimes by the Defendant for a substantial period of time.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant would be able to obtain further educational as well as vocational training and sex offender treatment if given 300 months in the custody of the Bureau of Prisons.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The United States recommends that the Court impose a sentence of three hundred months in prison followed by a lifetime of supervised release. The government does not seek the imposition of a criminal fine, as the Defendant has limited resources, owes substantial child support and restitution may be sought by the victims.

Respectfully submitted this 26th day of June 2023.

VANESSA R. WALDREF
United States Attorney

s\ Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel for the Defendant.

                    s\ Michael D Murphy
                    MICHAEL D. MURPHY
                    Assistant United States Attorney
                    United States Attorney's Office
                    402 E. Yakima Ave., Suite 210
                    Yakima, WA   98901
                    (509) 454-4425
                    Fax (509) 454-4435